NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2278
_____

A.B., by and through her parents,
Susan and Mark B.,

Appellant

v.

MONTGOMERY COUNTY INTERMEDIATE UNIT

_____

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-07-cv-02798)
District Judge:  Honorable Louis H. Pollak
_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2011
_____

Before:  RENDELL, AMBRO, and FISHER, Circuit Judges

(Opinion filed: January 27, 2011)
_____

OPINION
_____

AMBRO, Circuit Judge

Plaintiff-appellant A.B. appeals the District Court's decision granting summary

judgment to defendant-appellee Montgomery County Intermediate Unit ("MCIU") on

A.B.'s claim under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq* ("IDEA").[1]  The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

Under the IDEA, the District Court was "obliged to conduct a modified *de novo* review, giving 'due weight' to the underlying administrative proceedings."  *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 65 (3d Cir. 2010) (internal quotation marks and citation omitted).  We review the District Court's legal conclusions *de novo*.  *Id.*

The IDEA requires states to provide a "free appropriate public education" ("FAPE") to each disabled child between the ages of three and twenty-one.  20 U.S.C. § 1412(a)(1)(A).  States meet that requirement by creating for each disabled student an "individualized education plan" ("IEP"), which sets out a "package of special educational and related services designed to meet the unique needs of the disabled child."  *Ferren C. v. Sch. Dist. Of Phila.*, 612 F.3d 712, 717 (3d Cir. 2010) (internal quotation marks and citation omitted).  To satisfy the IDEA, an IEP must be "'reasonably calculated' to enable the child to receive 'meaningful educational benefits' in light of the student's 'intellectual potential.'"  *Shore Regional High Sch. Bd. of Educ. v. P.S.*, 381 F.3d 194, 198 (3d Cir. 2004) (citation omitted).  Parents who believe that the implementation of a proposed IEP will not result in a FAPE for their child are entitled to an "impartial due process hearing," presided over by a hearing officer.  20 U.S.C. § 1415(f).

---

[1] A.B. also filed suit under the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. § 1983, but does not appeal the District Court's grant of summary judgment as to those claims.

A.B. is a hearing-impaired child with a cochlear implant, and MCIU created for her an IEP directing that she begin preschool at a planned (but not yet operational) public school classroom designed for children with hearing impairments. A.B.'s parents, who wanted A.B. to attend the Clarke Pennsylvania School instead of the designated public school, unsuccessfully challenged this decision in a due process hearing, and then appealed to the District Court. It rejected the appeal in a carefully reasoned 32-page opinion.

In our Court, A.B. primarily argues that the District Court should have rejected the hearing officer's conclusions based on his purported bias, or at least should have permitted discovery about the potential bias. A.B.'s bias allegation is based on the fact that the hearing officer was a former co-worker with MCIU counsel and a current co-worker with MCIU counsel's wife. A.B. further theorizes that the resulting bias led the hearing officer to reject the testimony of her expert witness, Jean Moog, and that this exclusion tilted the balance of the evidence away from A.B. and toward MCIU. Additionally, A.B. generally challenges the sufficiency of the IEP, and argues that it was improper for MCIU to propose that A.B. be placed in a classroom that was not operational at the time the IEP was drafted.

The District Court rejected A.B.'s argument that due process required the hearing officer, at minimum, to disclose his working relationship with MCIU counsel or counsel's wife. Nonetheless, the Court agreed with A.B. that the hearing officer erred by discounting Moog's testimony. However, the District Court then reviewed the entirety of the evidence, including Moog's testimony, and concluded that A.B. and her parents had

not satisfied the relevant legal standard because their evidence went primarily to whether the IEP would provide an ideal education, and not whether it was "reasonably calculated" to provide "meaningful educational benefits." Accordingly, the District Court concluded that the hearing officer's determination should not be disturbed.

After reviewing the parties' briefs and relevant portions of the record, we conclude that the District Court correctly applied the relevant legal standards, and affirm for substantially the reasons stated by that Court.